UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DEVIN ALEXANDER,<br><br>            PLAINTIFF,<br><br>      v.<br><br>JAMES T. WYNDER, ET AL.,<br><br>            DEFENDANTS. | CIVIL ACTION<br><br>No. 07-510 |

**MEMORANDUM/ORDER**

March 12, 2007

On February 6, 2007, petitioner Devin Alexander filed the above-captioned petition in this court. Petitioner seeks habeas corpus relief pursuant to 28 U.S.C. § 2254 and requests permission to proceed *in forma pauperis*.

Petitioner has filed one previous petition in this court pursuant to 28 U.S.C. § 2254, which attacked the same conviction and/or sentence. *See* Civil Action No. 00-3796, Court of Appeals No. 04-2271. That petition was denied as untimely. Section 2244 of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. §§ 2241 *et seq.*, provides that before a "second or successive" habeas petition can be filed with the district court, "the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." Without such authorization from the court of appeals, the district court lacks subject matter jurisdiction to consider the habeas petition. *See Stewart v. Martinez-Villareal*, 523 U.S. 637, 641 (1998); *Felker v. Turpin*, 518 U.S. 651, 657 (1996); *Benchoff v. Colleran*, 404 F.3d 812, 816 (3d Cir. 2005); *In re Minarik*, 166 F.3d 591 (3d Cir. 1999).

Because petitioner's current motion qualifies as a "successive" habeas petition, this court lacks subject matter jurisdiction to consider it. The "appropriate court of appeals" in which a motion should be filed for authorization to proceed in this court is the United States Court of Appeals for the Third Circuit. If the Third Circuit grants authorization, petitioner can then return to this court and refile his successive habeas petition.

The statute governing proceedings *in forma pauperis*, 28 U.S.C. § 1915(a)(2) requires "[a] prisoner seeking to bring a civil action" to "submit a certified copy of the trust fund account statement . . . for the 6-month period immediately preceding the filing of [his] complaint . . . obtained from the appropriate official of each prison at which the prisoner is or was confined." Petitioner's motion does not conform to the requirements of 28 U.S.C. § 1915(a)(2) because he has not complied with this requirement.

Accordingly, this 12 day of March, 2007, it is hereby **ORDERED** that:

(1) This civil action is **DISMISSED WITHOUT PREJUDICE** on the ground that this court lacks subject matter jurisdiction to consider it.

(2) Petitioner's motion to proceed *in forma pauperis* is **DENIED** without prejudice to resubmission of a petition conforming to the requirements of 28 U.S.C. § 1915 (a).

BY THE COURT:

/s/ Louis H. Pollak
Pollak, J.