**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

DEVIN ALEXANDER                    :                    CIVIL ACTION
                                   :
                                   :
            v.                     :
                                   :
                                   :
JAMES T. WYNDER, et. al            :                    NO.  07-510

<u>REPORT AND RECOMMENDATION</u>

CAROL SANDRA MOORE WELLS                              September 28, 2007
UNITED STATES MAGISTRATE JUDGE

Presently before this court is a *pro se* Motion for Relief from Judgment filed by Devin

Alexander ("Petitioner") pursuant to  Article III of the Constitution, Federal Rule of Civil Procedure

60(b)(6), and 28 U.S.C. § 2243.  Petitioner who is currently incarcerated at the State Correctional

Institution at Dallas, Pennsylvania, seeks equitable relief based on alleged actual innocence and a

due process violation. The Honorable Louis H. Pollak referred this matter to the undersigned for a

Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B).  For reasons that follow, it is

recommended that relief be denied.

**I.  BACKGROUND AND PROCEDURAL HISTORY[1]**

On August 28, 1991, at approximately 12:00 a.m., Petitioner, along with three other males,

entered the home of his in-laws[2] located at 3557 North Marvine Street armed with a shotgun and

other weapons.  R&R at 1.  The four cohorts repeatedly stabbed all occupants of the house,

Christopher Whitmore, Renee Whitmore, Alfred Whitmore, Barbara Littlejohn, and Alfred Carter,

---

[1]The facts set forth in this background and procedural history were gleaned from Petitioner's "Motion for Equitable Relief in the Exercise of the Court's Inherent Article III Powers and/or Relief from Judgment Pursuant to Federal Rule Civil Procedure 60(b) or 28 U.S.C. § 2243" and this court's February 25, 2003 Report and Recommendation ("R&R") in Civil Action No. 00-3796.

[2]At the time of the attack, the Petitioner was married to Jessica Whitmore, Christopher Whitmore's sister and Alfred Carter's daughter.  The Alexanders were experiencing marital problems.

in their heads, throats, and upper torsos.  *Id.*  Two of the victims suffered collapsed lungs as a result of the attack; a third victim required forty staples to close a gash in his neck.  *Id*. at 1-2.  Each victim sustained numerous stab wounds that required hospitalization for extensive medical treatment.  *Id*. at 2.

Following a bench trial, the Honorable C. Darnell Jones, II, of Philadelphia County Court of Common Pleas, convicted Petitioner of five counts of aggravated assault, five counts of simple assault, five counts of recklessly endangering another person, one count of burglary, one count of criminal trespass and one count of criminal conspiracy.  *Id*. at 2.  On July 30, 1992, following denial of his post-verdict motions, Petitioner was sentenced to a 35 to 70 year term of imprisonment.  *Id*.

On August 27, 1992, Petitioner appealed his conviction to the Pennsylvania Superior Court raising one claim – that the trial court erred in "his determination of credibility" and, consequently, improperly failed to grant a new trial although the verdicts were contrary to the weight of the evidence.  *Id.*  The Superior Court affirmed the convictions and judgment of sentence on September 2, 1993.  *Id*.  Petitioner raised the identical issue on appeal to the Pennsylvania Supreme Court; *allocatur* was denied on April 4, 1994.  *Id*.

Next, on January 20, 1995, Petitioner, *pro se,* sought collateral relief, pursuant to Pennsylvania's Post Conviction Relief Act ("PCRA").[3]  42 Pa.C.S.A. § 9541, *et seq*.  This petition was denied on December 23, 1996.  *Id*.  An appeal to Superior Court that raised identical claims was also fruitless and the Pennsylvania Supreme Court denied *allocatur*.  *Id*.  Petitioner's second PCRA petition, filed on December 28, 1998, was dismissed as untimely.  *Id*. at 3.  On appeal to the Superior Court Petitioner challenged: 1) the legality of his sentence, and 2) dismissal of his petition as

---

[3]Two previous PCRA petitions (December 7, 1992 and March 16, 1993) were dismissed as premature (December 9, 1992 and March 19, 1993).  *Commonwealth v. Alexander,* No. 2658 at 2 (Ct. Com. Pl. Phila. County Dec. 23, 1996).

untimely. *Id.* at 3. The Superior Court affirmed the trial court on November 15, 1999 and the state Supreme Court denied *allocatur* on June 27, 2000. *Id.*

On July 27, 2000, Petitioner filed, *pro se,* his initial habeas petition alleging:

> (1) he was denied "procedural due process" under Pennsylvania law during state collateral review;
>
> (2) the amended PCRA statute is unconstitutional;
>
> (3) his sentence exceeds the statutory maximum;
>
> (4) the trial court erred because the verdict was against the weight of the evidence;
>
> (5) trial counsel was ineffective for failing to investigate, interview, subpoena, and call various witnesses;
>
> (6) trial counsel was ineffective for failing to file post-trial motions raising the issue that there was insufficient evidence to sustain a burglary conviction; and
>
> (7) trial counsel was ineffective for failing to call doctors, secure medical records, and/or call experts to testify.

*See id.* at 2-3. Judge Pollak adopted this court's recommendation and found that the petition should be dismissed as untimely. *See* Civil Action No. 00-3796, Docket Entry No. 24.

On August 25, 2004 Petitioner filed a third PCRA petition that was dismissed as untimely on June 22, 2005. Motion at 5. Petitioner appealed the dismissal to the Pennsylvania Superior Court contending that he is actually innocent of first degree aggravated assault based upon his assertion that, although he was charged with second degree aggravated assault, he was convicted of first degree aggravated assault without proper notice or amendment of the information. *Id.* On May 19, 2006, the Pennsylvania Superior Court affirmed the dismissal of Petitioner's third PCRA petition. *Id.* The Pennsylvania Supreme Court denied *allocatur* on November 29, 2006. *Id.* at 6.

3

On February 4, 2007,[4] Petitioner filed a second federal habeas petition asserting that a fundamental miscarriage of justice occurred as a result of his actual innocence, because he was charged with only second degree aggravated assault yet, was convicted of five counts of first degree aggravated assault.  *See* Petition for Writ of Habeas Corpus ("Pet.") at 9.  The District Court found that Petitioner's second habeas petition attacked the same conviction and/or sentence challenged in his first federal proceeding and, therefore, dismissed the petition, without prejudice, pursuant to 28 U.S.C. § 2244, for a lack of subject matter jurisdiction.  *See* Civil Action No. 07-510, Docket Entry No. 2.  Petitioner sought permission to file a second habeas petition from the United States Court of Appeals for the Third Circuit; he was denied permission on May 7, 2007.  *See* Civil Action No. 07-510, Docket Entry No. 3.

On August 2, 2007, Petitioner filed the instant motion seeking relief pursuant to Article III of the Constitution, Federal Rule of Civil Procedure 60(b) and/or 28 U.S.C. § 2243.  Motion at 2-4.  He asserts that his second habeas petition containing his claim of actual innocence, was improperly dismissed on procedural grounds and was contrary to or involved an unreasonable application of clearly established federal law.  Motion at 6.  For reasons discussed below this Motion should be denied.

## II. DISCUSSION

### A.  Petitioner is Not Entitled to Relief Under Federal Rule of Civil Procedure 60(b)(6)

A motion under Federal Rule of Civil Procedure ("Rule") 60(b) is a means of seeking equitable relief from a judgment under a limited set of circumstances, including fraud, mistake, and newly

---

[4] A *pro se* prisoner's habeas petition is deemed filed at the moment he delivers it to prison officials for mailing to the district court.  *See Burns v. Morton*, 134 F.3d 109, 113 (3d Cir. 1998).  Petitioner's habeas petition was docketed on February 6, 2007.  However, since Petitioner signed his habeas petition on February 4, 2007, this court will assume that he delivered it to prison officials for mailing on that date.

discovered evidence.[5]  Petitioner seeks equitable relief under Rule 60(b)(6) which is a "catch-all" provision that permits a court to grant relief from a final judgment or order for "any other reason justifying relief from the operation of judgment." *Coltec Industries, Inc. v. Hobgood*, 280 F.3d 262, 273 (3d Cir. 2002) (quoting Rule 60(b)(6)).  To justify relief under Rule 60(b)(6), a petitioner must demonstrate "extraordinary circumstances." *Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005); *see also Pridgen v. Shannon*, 380 F.3d 721, 728 (3d Cir. 2004) (citing *Page v. Schweiker*, 786 F.2d 150, 158 (3d Cir. 1986)).  Legal error, without more, cannot justify granting relief under Rule 60(b).  *Pridgen*, 380 F.3d at 728; *see also Smith v. Evans*, 853 F.2d 155, 158 (3d Cir. 1988).

Petitioner is challenging the District Court's dismissal of his second habeas petition, *see* Civil Action No. 07-510, Docket Entry No. 2, for lack of subject matter jurisdiction pursuant to 28 U.S.C. § 2244 (b)(2).  However, Petitioner has  failed to proffer any valid reason under Rule 60(b)(6) that would justify relief from the operation of the District Court's March 12, 2007 judgment.

---

[5]Rule 60(b) provides:

> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken. A motion under this subdivision (b) does not affect the finality of a judgment or suspend its operation. This rule does not limit the power of a court to entertain an independent action to relieve a party from a judgment, order, or proceeding, or to grant relief to a defendant not actually personally notified as provided in Title 28, U.S.C., § 1655, or to set aside a judgment for fraud upon the court. Writs of coram nobis, coram vobis, audita querela, and bills of review and bills in the nature of a bill of review, are abolished, and the procedure for obtaining any relief from a judgment shall be by motion as prescribed in these rules or by an independent action.

Furthermore, he has failed to establish that the District Court's ruling was incorrect, legally or factually, or improperly procured. Petitioner's failure to cite any legal error or intervening change in the law that would render the Court's judgment improper requires that his Rule 60(b)(6) Motion be denied.

Petitioner, incorrectly, asserts that, under *Gonzalez*, Rule 60(b)(6) entitles him to relief from judgment. The petitioner in *Gonzalez* filed a Rule 60(b)(6) motion alleging that the federal courts misapplied its statute of limitations as set out in 28 U.S.C. § 2244(d). *Gonzalez*, 545 U.S. at 527-28. The petitioner in *Gonzalez* relied upon *Artuz v. Bennett*, 531 U.S. 4 (2000) which at the time of the filing of his Rule 60(b)(6) motion, was a new U.S. Supreme Court case holding that "an application for state postconviction relief can be 'properly filed' even if the state courts dismiss it as procedurally barred." *Gonzalez*, 545 U.S. at 527 (citing *Artuz*, 531 U.S. at 4). Thus, Gonzalez relied upon new law to challenge the District Court's procedural disposition of his habeas petition. The U.S. Supreme Court held, in *Gonzalez*, that a Rule 60(b)(6) motion was not subject to the limitation against successive petitions applicable to habeas petitions, because it did not "revisit the federal court's denial on the merits of a claim for relief" and thus should not be considered a successive petition. *Id*. at 534. However, if a Rule 60(b)(6) motion sets forth what would constitute a "claim" for habeas relief by attacking "the federal court's previous resolution of a claim on the merits," such a motion must be considered a successive petition. *Id*. at 532.

Petitioner's situation is not analogous to *Gonzalez*. First, the petitioner in *Gonzalez* did not seek to attack the procedural disposition of a second habeas petition as does Petitioner herein; rather he challenged the disposition of his first habeas petition as being time-barred, a procedural matter, not a substantive one. *Id*. at 524. The District Court, in this case, appropriately deemed Petitioner's

6

second habeas petition to be successive such that it lacked subject matter jurisdiction to rule on the merits. *See Stewart v. Martinez-Villareal*, 523 U.S. 637, 641 (1998); *Felker v. Turpin*, 518 U.S. 651, 657 (1996); *Benchoff v. Colleran*, 404 F.3d 812, 816 (3d Cir. 2005). Consequently, Petitioner cannot challenge the Court's procedural ruling under *Gonzalez*, in an effort to "impermissibly circumvent" AEDPA's limits on successive habeas petitions. *Gonzalez*, 545 U.S. at 531. Second, unlike *Gonzalez*, Petitioner's Rule 60(b)(6) motion does not cite or rely upon new U.S. Supreme Court precedent that would afford a basis for relief from the District Court's March 12, 2007 Order of dismissal. No change in the law has occurred since the March 12, 2007 judgment, hence *Gonzalez* fails to provide Petitioner with an adequate basis for Rule 60(b)(6) relief. Petitioner's Rule 60(b)(6) Motion should be denied.[6]

In short, Petitioner's Rule 60(b)(6) motion should be dismissed as an impermissible and thinly veiled attempt to pursue a successive habeas petition after the Third Circuit refused to allow it. Petitioner's second habeas petition alleged his claim of actual innocence. Pet. at 9. Petitioner presented this claim in his previous state and federal post-conviction proceedings. *See* Motion at 5. His Rule 60(b)(6) Motion seeks another review of the District Court's determination that he is not entitled to habeas corpus relief under 28 U.S.C. § 2254. His Motion relies upon the same factual predicates as prior PCRA and habeas petitions that were dismissed as time-barred by the state and federal courts. Since, the Third Circuit refused permission to permit him to file a successive habeas petition asserting his actual innocence, *see* Civil Action No. 07-510, Docket Entry No.3, this Motion should be denied as a successive habeas petition. *Gonzalez*, 545 U.S. at 534.

---

[6]Petitioner also contends in his Rule 60(b)(6) Motion that he is entitled to relief under *Gonzalez* due to the District Court's dismissal of his first habeas petition without an evidentiary hearing. Motion at 4. This issue should not be reviewed, because the instant Motion was filed in regard to Petitioner's second habeas proceeding, *see* Civil Action No. 07-510, and, thus, this issue is not properly before the Court.

B. <u>Petitioner is not Entitled to Relief under Article III of the United States Constitution</u>

Petitioner argues that this Court has inherent authority under Article III of the Constitution to reopen his habeas petitions. Motion at 2, 19-21. However, a federal court may adjudicate this claim only if the court has jurisdiction under Article III of the Constitution *and under a federal statute*. *West Penn Power Co. v. Train*, 522 F.2d 302, 313-14 (3d Cir. 1975) (quoting *Sheldon v. Sill*, 49 U.S. 441, 448-49 (1850)) (emphasis added); *see also Devon v. Wynder*, 2007 WL 2493694 at *3 (E.D.Pa. August 27, 2007); *Rainey v. Wynder*, 2007 WL 2221410 at *4 (E.D.Pa. July 30, 2007). Petitioner pinpoints no legal or procedural authority that warrants the Court reopening his habeas petition. Moreover, he relies upon outdated pre-AEDPA case law. Finally, no federal statute expressly or implicitly allows the court to reopen his habeas petition and the Court do so solely under the power of Article III. Accordingly, this Court must adhere to the statutory intent of AEDPA and deny Petitioner relief.

C. <u>28 U.S.C. § 2243 Does Not Entitle Petitioner to Relief</u>

Petitioner further argues that 28 U.S.C. § 2243 provides this court with "plenary equitable powers over its own judgments" in order "to determine the facts and dispose of the case summarily, 'as law and justice require.'" Motion at 22-23. This argument lacks merit inasmuch as 28 U.S.C. § 2243 "does not authorize a federal court to revisit its habeas judgments, particularly when doing so would violate the restrictions of AEDPA and the applicable Federal Rules of Civil Procedure." *Rainey*, 2007 WL 2221410 at *4. Again, Petitioner cites no legal error or extraordinary circumstance that would warrant the Court to reopen his habeas petition. Second, Petitioner erroneously relies upon pre-AEDPA non-controlling authorities. Most importantly, granting relief would violate AEDPA's intent, to limit the successive habeas filings.

## III. CONCLUSION

AEDPA's guidelines preclude this successive habeas petition that has been stylized as a Rule 60(b)(6) motion, but challenges the same conviction and sentence presented in Petitioner's second habeas petition.  The Court of Appeals for the Third Circuit denied Petitioner's request to file a second habeas petition, therefore, this Rule 60(b)(6) Motion should be dismissed with prejudice. Petitioner has not made a substantial showing of a denial of a constitutional right.  Accordingly, I make the following:

## RECOMMENDATION

AND NOW, this 28th day of September 2007, for the reasons contained in the preceding report, it is hereby RECOMMENDED that Petitioner's Motion for equitable relief be denied.


*/s/ Carol Sandra Moore Wells*
CAROL SANDRA MOORE WELLS
UNITED STATES MAGISTRATE JUDGE